# Exhibit 3

**From:** **WHS MC-ALEX ESD Mailbox OSD-JS FOIA Requester Service Center**
whs.mc-alex.esd.mbx.osd-js-foia-requester-service-center@mail.mil  📎
**Subject:** OSW/JS FOIA 26-F-1693
**Date:** March 11, 2026 at 2:54 PM
**To:** tyler@lasst.org
**Cc:** Steinfadt, Amy R CIV WHS ESD (USA) amy.r.steinfadt.civ@mail.mil, Fisher, Stephen L CIV WHS ESD (USA) stephen.l.fisher.civ@mail.mil, Harper, Madalyn J CIV WHS ESD (USA) madalyn.j.harper.civ@mail.mil, Ernest-Johnson, Ann J CIV WHS ESD (USA) ann.j.ernest-johnson.civ@mail.mil, Lewis, Dejone L CTR (USA) dejone.l.lewis.ctr@mail.mil

Good Afternoon Mr. Whitmer,

Please find the interim response attached for your recent FOIA Request that was requested on March 5, 2026. The case number for this request is 26-F-1693, please refer to this number and the action officer mentioned in the interim response in any future correspondence regarding this case.

V/r,



**Dejoné Lewis**
FOIA Analyst (CTR), QualX
Executive Services Directorate,
Records and Declassification Division, Freedom of Information Branch,
Washington Headquarters Services (WHS)
Mark Center I 02-F-09
O: (571) 256-0111
Main Office: (571) 372-0498
NIPR: Dejone.l.lewis.ctr@mail.mil
SIPR: Dejone.l.lewis.ctr@mail.smil.mil
https://www.whs.mil

---

**26-F-1693 Interim.pdf**
147 KB

**26-F-1693 Request Description .pdf**
604 KB



# DEPARTMENT OF WAR
### OFFICE OF THE SECRETARY OF WAR/JOINT STAFF
### FREEDOM OF INFORMATION
### 1155 DEFENSE PENTAGON
### WASHINGTON, DC 20301-1155

Ref:  26-F-1693
March 11, 2026

Mr. Tyler Whitmer
Legal Advocates for Safe Science and Technology
125 Park Avenue
25th Floor
New York, NY 10017

Dear Mr. Whitmer:

This is an interim response to your March 5, 2026 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience.  The Office of the Secretary of War/Joint Staff (OSW/JS) FOIA Requester Service Center received your request on March 6, 2026, and assigned it FOIA case number 26-F-1693.  We ask that you use this number when referring to your request.

Although we have already begun processing your request, we will not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request.  The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoW components having a substantial interest in either the determination or the subject matter of the records.  At least one, if not more of these scenarios applies or would likely apply to your request.  While this office handles FOIA requests for OSW, JS, and other component offices, we do not actually hold their records and our office is not geographically located with these organizations.  As we do not hold the records, until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination.

Expedited processing may be granted when the requester demonstrates a compelling need for the information and shows that the information has a particular value that would be lost if not processed on an expedited basis.  A key word here is "demonstrates."  Therefore, it is incumbent upon you to demonstrate that the requested records will serve an urgency purpose and that they will also be meaningful in the sense that they will provide a greater understanding of actual or alleged federal government activity on the part of the public-at-large than that which existed before such information was disseminated.  Consequently, it must be clearly demonstrated that such information has a particular value that will be lost if not disseminated quickly.  After carefully considering your request, this office finds that you have not clearly demonstrated how the information will lose its value if not processed on an expedited basis.  For this reason, your request for expedited processing is denied.

Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received.  Our current administrative workload is approximately 3,333 open requests.

If you have requested a fee waiver, please note that decisions to waive or reduce fees are made on a case-by-case basis, and we will make a determination concerning your fee waiver request at the conclusion of the search and assessment of responsive records, should they exist.  However, this office will only assess fees if we provide the final response to your FOIA request within the statutory time allotted by the FOIA or if the responsive records total more than 5,000 pages, even after a good faith effort on our part to limit the scope of your request.

In some instances, we have found that requesters who narrow the scope of their requests experience a reduction in the time needed to process their requests.  If you wish to narrow the scope of your request or have questions about the foregoing, please do not hesitate to contact your Action Officer, Amy Steinfadt, at amy.r.steinfadt.civ@mail.mil or 571-372-0433.  Additionally, if you have concerns about service received by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSW/JS FOIA Public Liaison, Virginia Burke, by email at osd.mc-alex.oatsd-pclt.mbx.foia-liaison@mail.mil or by phone at 571-372-0462.  You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration.  The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, MD 20740
> E-mail: ogis@nara.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

You have the right to appeal to the appellate authority, Mr. Michael Kremlacek, Acting Principal Deputy to the Secretary of War for Privacy Civil Liberties, and Transparency (PCLT), Office of the Secretary of War, at: 4800 Mark Center Drive, ATTN: PCLFD, FOIA Appeals, Mailbox #24, Alexandria, VA 22350-1700.  Your appeal must be postmarked within 90 calendar days of the date of this response.  Alternatively, you may email your appeal to osd.foia-appeal@mail.mil.  If you use email, please include the words "FOIA Appeal" in the subject of the email.  Please also reference FOIA case number 26-F-1693 in any appeal correspondence.

We regret the delay in responding to your request and appreciate your patience.  As previously stated, please contact the Action Officer assigned to your request, Amy Steinfadt, and reference FOIA case number 26-F-1693, if you have any questions or concerns.

Sincerely,

*for Ann Ernest Johnson*

Pamela Andrews
Chief, FOIA

Enclosure:
As stated



**Legal Advocates for Safe Science and Technology**

125 Park Avenue, 25th Floor
New York, NY 10017
(201) 448-7739
info@lasst.org

March 5, 2026

Via Electronic Submission (PAL Portal: https://pal.whs.mil/)

OSD/JS FOIA Requester Service Center
Freedom of Information Division
1155 Defense Pentagon
Washington, DC 20301-1155

**Re:** Freedom of Information Act Request — CDAO Frontier AI Other Transaction Agreements

Dear FOIA Officer:

Sam Biddle is an investigative reporter for The Intercept, an award-winning online news outlet published by not-for-profit organization The Intercept Media, Inc. Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the implementing regulations of the Department of Defense, 32 C.F.R. Part 286, Mr. Biddle hereby requests the records described below.

**I. RECORDS REQUESTED**

Mr. Biddle requests copies of the following discrete contract instruments in the possession, custody, or control of the Office of the Secretary of Defense and Joint Staff, including the Chief Digital and Artificial Intelligence Office ("CDAO").

**CDAO Frontier AI Other Transaction Agreements**

Complete copies of each of the following four Other Transaction Agreements ("OTAs") awarded by CDAO in June–July 2025 for frontier AI prototyping, each with a ceiling of approximately $200 million, including all attachments, appendices, exhibits, schedules,

Legal Advocates for Safe Science and Technology | www.lasst.org
LASST is a registered 501(c)(3) with EIN 99-1345705. All donations are tax-deductible to the extent allowed by law.

statements of work, performance work statements, terms and conditions, data-rights provisions, security or information-handling addenda, and any modifications, amendments, novations, partial terminations, or other post-award instruments executed through the date of this request:

(1) OpenAI Public Sector LLC — Prototype OTA HQ0883-25-9-0012;

(2) Google Public Sector LLC — Prototype OTA HQ0883-25-9-0013;

(3) Anthropic PBC — Prototype OTA HQ0883-25-9-0014; and

(4) AIQ Phase LLC (xAI) — Prototype OTA HQ0883-25-9-0015.

To the extent the Department proposes to withhold any portion of the agreements, Mr. Biddle requests that the Department produce a detailed Vaughn index identifying each withholding and the specific basis for withholding asserted.

To reduce processing burden, this request does not seek draft agreements, internal deliberative drafts, source-selection materials, proposals, or pre-award negotiation records except to the extent any such material was incorporated into a final executed agreement. This request also does not seek purely duplicative press materials already posted publicly.

## II. REQUEST FOR EXPEDITED PROCESSING

Please process this request on an expedited basis because the public urgently needs the information requested herein. Under FOIA, agencies must grant requests for expedited processing if there is a "compelling need" for the requested information and in other cases as determined by the agency. 5 U.S.C. § 552(a)(6)(E)(i). "[W]ith respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity[]" constitutes a "compelling need." 5 U.S.C. § 552 (a)(6)(E)(v)(II); *see also* 32 C.F.R. § 286.8(e)(1)(i)(B). Specifically, journalists have a "compelling need" for requested information if (1) "the request concerns a matter of current exigency to the American public," (2) "the consequences of delaying a response would compromise a significant recognized interest," and (3) "the request concerns federal government activity." *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001).

Mr. Biddle is an investigative reporter for The Intercept, an award-winning online news outlet published by not-for-profit organization The Intercept Media, Inc. The subject matter of this FOIA request has received significant public interest and has long been an important topic for

The Intercept.[1] It concerns federal government activity and is a matter of current exigency to the American public, as demonstrated by extensive recent media coverage.[2] A "significant recognized interest" exists in "quickly disseminating breaking, general-interest news," which delay in responding here would compromise. *ACLU of N. California v. U.S. Dep't of Def.*, 2006 WL 1469418, at *8 (N.D. Cal. May 25, 2006).

In light of the compelling need for the requested information, please process this request on an expedited basis.

Mr. Biddle certifies that the foregoing statements are true and correct to the best of his knowledge and belief.

## III. FEE WAIVER REQUEST

Mr. Biddle requests a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 32 C.F.R. § 286.12(l). Disclosure of the requested records is in the public interest because:

**(1)** The records concern the terms under which the Department of Defense deploys frontier AI systems in military and intelligence operations, a matter of significant public interest bearing directly on national security, civil liberties, and the laws of armed conflict.

**(2)** These matters are the subject of extraordinary public attention, active congressional oversight, and anticipated litigation following the Department's February 27–28, 2026 designation of Anthropic PBC as a supply chain risk and its simultaneous execution of a network agreement with OpenAI.

**(3)** The Intercept is a news publication with the expertise and intent to analyze and disseminate the disclosed information through reports, analyses, testimony, and media engagement. The Intercept has no commercial interest in the requested records.

---

[1] *See, e.g.*, Sam Biddle, *Meta-Powered Military Chatbot Advertised Giving "Worthless" Advice on Airstrikes*, The Intercept (Nov. 24, 2024), https://theintercept.com/2024/11/24/defense-llama-meta-military/; Sam Biddle, *U.S. Military Makes First Confirmed OpenAI Purchase for War-Fighting Forces*, The Intercept (Oct. 25, 2024), https://theintercept.com/2024/10/25/africom-microsoft-openai-military/; Sam Biddle, *Microsoft Pitched OpenAI's DALL-E as Battlefield Tool for U.S. Military*, The Intercept (Apr. 10, 2024), https://theintercept.com/2024/04/10/microsoft-openai-dalle-ai-military-use/; Sam Biddle, *OpenAI Quietly Deletes Ban on Using ChatGPT for "Military and Warfare,"* The Intercept (Jan. 12, 2024), https://theintercept.com/2024/01/12/open-ai-military-ban-chatgpt/.

[2] *See, e.g.*, Sheera Frenkel et al., *How Talks Between Anthropic and the Defense Dept. Fell Apart*, N.Y. Times (Mar. 1, 2026), https://www.nytimes.com/2026/03/01/technology/anthropic-defense-dept-openai-talks.html; Amrith Ramkumar, *Trump Administration Shuns Anthropic, Embraces OpenAI in Clash Over Guardrails*, Wall St. J. (Feb. 27, 2026), https://www.wsj.com/tech/ai/trump-will-end-government-use-of-anthropics-ai-models-ff3550d9.

**IV. FORMAT AND FEES**

Mr. Biddle requests production in electronic format, preferably as PDF files, via the PAL portal or by email. In the event the fee waiver is denied, Mr. Biddle is willing to pay fees up to $500.00. Please contact the undersigned before incurring fees in excess of that amount.

**V. PRESERVATION REQUEST**

Mr. Biddle requests that the Department immediately take all steps necessary to preserve records responsive to this request, including by issuing preservation notices to custodians within CDAO, USD(R&E), and the Office of General Counsel.

This request is deliberately narrow, seeking only executed contract instruments and their attachments. Mr. Biddle respectfully submits that these are discrete, readily identifiable records that should be processed on the simple track. Mr. Biddle looks forward to your response as required by 5 U.S.C. § 552(a)(6)(A)(i).

Respectfully submitted,

Tyler Whitmer
President
Legal Advocates for Safe Science and Technology, Inc.
125 Park Ave., 25th Floor
New York, NY 10017
(201) 448-7739
tyler@lasst.org

*Attorney for Sam Biddle*

Sam Biddle

2021 N. Hoover St.

Los Angeles, CA

sam.biddle@theintercept.com

## Submit New Request

### Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Tyler Whitmer**
Legal Advocates for Safe Science and Technology
125 Park Avenue
25th Floor
New York, NY  10017
Phone ?(201) 448-7739?
tyler@lasst.org

Requester Default Category: News Media

### Custom Fields

Requester Control # :
Previous Address 2 :

### General Information

| | |
|---|---|
| Action Office | OSD-JS FOIA Office |
| Request Type | FOIA |
| Requester Category | News Media |

### Shipping Address

| | |
|---|---|
| Street1 | 125 Park Avenue |
| Street2 | 25th Floor |
| City | New York |
| State | New York |
| State (Other) | |
| Country | United States |
| Zip Code | 10017 |

### Request Information

| | |
|---|---|
| Description | Complete copies of each of the following four Other Transaction Agreements ("OTAs") awarded by CDAO in June–July 2025 for frontier AI prototyping, each with a ceiling of approximately $200 million, including all attachments, appendices, exhibits, schedules, statements of work, performance work statements, terms and conditions, data-rights provisions, security or information-handling addenda, and any modifications, amendments, novations, partial terminations, or other post-award instruments executed through the date of this request: (1) OpenAI Public Sector LLC — Prototype OTA HQ0883-25-9-0012; (2) Google Public Sector LLC — Prototype OTA HQ0883-25-9-0013; (3) Anthropic PBC — Prototype OTA HQ0883-25-9-0014; and (4) AIQ Phase LLC (xAI) — Prototype OTA HQ0883-25-9-0015. To the extent the Department proposes to withhold any portion of the agreements, Mr. Biddle requests that the Department produce a detailed Vaughn index identifying each withholding and the specific basis for withholding asserted. To reduce processing burden, this request does not seek draft agreements, internal deliberative drafts, source-selection materials, proposals, or pre-award negotiation records except to the extent any such material was incorporated into a final executed agreement. This request also does not seek purely duplicative press materials already posted publicly. |
| Date Range for Record Search:From | |
| Date Range for Record Search:To | |

Description Document  2026_03_05_FOIA_CDAO_Frontier_AI_OTA_-_As_submitted.pdf

## Fee Information

| | |
|---|---|
| Willing Amount | $25 |
| Fee Waiver Requested | Yes ,2026_03_05_FOIA_CDAO_Frontier_AI_OTA_-_As_submitted.pdf |
| Fee Waiver Request Reason | Mr. Biddle requests a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 32 C.F.R. § 286.12(l). Disclosure of the requested records is in the public interest because:<br>(1) The records concern the terms under which the Department of Defense deploys frontier AI systems in military and intelligence operations, a matter of significant public interest bearing directly on national security, civil liberties, and the laws of armed conflict.<br>(2) These matters are the subject of extraordinary public attention, active congressional oversight, and anticipated litigation following the Department's February 27–28, 2026 designation of Anthropic PBC as a supply chain risk and its simultaneous execution of a network agreement with OpenAI.<br>(3) The Intercept is a news publication with the expertise and intent to analyze and disseminate the disclosed information through reports, analyses, testimony, and media engagement. The Intercept has no commercial interest in the requested records. |

## Billing Address

| | |
|---|---|
| State (Other) | |

## Other Information

| | |
|---|---|
| State (Other) | |

## Custom Fields

| | |
|---|---|
| Requester # | |

## Expedite Information

| | |
|---|---|
| Expedite Requested | Yes ,2026_03_05_FOIA_CDAO_Frontier_AI_OTA_-_As_submitted.pdf |
| Expedite Reason | Please process this request on an expedited basis because the public urgently needs the information requested herein. Under FOIA, agencies must grant requests for expedited processing if there is a "compelling need" for the requested information and in other cases as determined by the agency. 5 U.S.C. § 552(a)(6)(E)(i). "[W]ith respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity[]" constitutes a "compelling need." 5 U.S.C. § 552(a)(6)(E)(v)(II); see also 32 C.F.R. § 286.8(e)(1)(i)(B). Specifically, journalists have a "compelling need" for requested information if (1) "the request concerns a matter of current exigency to the American public," (2) "the consequences of delaying a response would compromise a significant recognized interest," and (3) "the request concerns federal government activity." Al-Fayed v. C.I.A., 254 F.3d 300, 310 (D.C. Cir. 2001).<br>Mr. Biddle is an investigative reporter for The Intercept, an award-winning online news outlet published by not-for-profit organization The Intercept Media, Inc. The subject matter of this FOIA request has received significant public interest and has long been an important topic for The Intercept. It concerns federal government activity and is a matter of current exigency to the American public, as demonstrated by extensive recent media coverage. A "significant recognized interest" exists in "quickly disseminating breaking, general-interest news," which delay in responding here would compromise. ACLU of N. California v. U.S. Dep't of Def., 2006 WL 1469418, at *8 (N.D. Cal. May 25, 2006).<br>In light of the compelling need for the requested information, please process this request on an expedited basis.<br>Mr. Biddle certifies that the foregoing statements are true and correct to the best of his knowledge and belief. |